No. 01-316 C
(Judge Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

SWARTZ ASSOCIATES, INC.,

Plaintiff,

v.

THE UNITED STATES

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7972
Facsimile: (202) 514-8640

Attorneys for Defendant

Of Counsel:
JONI GIBSON
Associate General Counsel
United States Marshals Service
600 Army-Navy Drive
Suite 1250
Arlington, VA 22202
Tel: (202) 307-9054

December 29, 2003

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Breach Of Contract Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. The Bid Protest Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Standard Of Review For Motions To Dismiss For Lack Of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. The Jurisdiction Of This Court Is Strictly Limited By Statute . . . . . . . . . . . . . . . 7

III. This Court Does Not Possess Jurisdiction To Entertain Swartz's Breach Of Contract Claims Because Swartz Did Not Submit A Claim To The Contracting Officer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV. Standard Of Review For Motions To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V. This Court Should Dismiss Swartz's Bid Protest Claim Seeking Relief With Respect To Swartz's 1998 Bid To Obtain The Five-Year 1998 Contract Because It Is Barred By The Doctrine Of Laches . . . . . . . . . . . . . . . . . . . . . . . 13

VI. This Court Does Not Possess Jurisdiction To Award Lost Profits Or Other Monetary Relief, Other Than Bid Preparation And Proposal Costs, In Connection With A Bid Protest Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## FEDERAL CASES

ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392, 399 (2003) . . . . . . . . . . . . . . . . . . 15

Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Boyle v. United States, 200 F.3d 1369 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Brookfield Constr. Co. v. United States, 228 Ct. Cl. 551, 661 F.2d 159 (1981) . . . . . . . . . . . . . . 8

Cincom Sys., Inc. v. United States, 37 Fed. Cl. 663 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Concept Automation, Inc. v. United States, 41 Fed. Cl. 361 (1998) . . . . . . . . . . . . . . . . . . . . . . 18

Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586 (Fed. Cir. 1987) . . . . . . . . . . . . 11

D.C. Braughler Co. v. West, 127 F.3d 1476 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ECC Int'l Corp. v. United States, 43 Fed. Cl. 359 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211,
aff'd 264 F.3d 1071 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Executive Court Reporters, Inc. v. United States, 29 Fed. Cl. 769 (1993) . . . . . . . . . . . . . . . . . 11

Farmers Grain Co. v. United States, 29 Fed. Cl. 684 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fidelity Constr. Co. v. United States, 700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . 8

James M. Ellet Constr. Co. v. United States, 93 F.3d 1537 (Fed. Cir. 1996) . . . . . . . . . . 9, 10, 11

Kunz Constr. Co. v. United States, 12 Cl. Ct. 74 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

LaCoste v. United States, 9 Cl. Ct. 313 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

LDG Timber Enter., Inc. v. United States, 8 Cl. Ct. 445 (1985) . . . . . . . . . . . . . . . . . . . . . . . . 12

Lehman v. Nakshian, 453 U.S. 156 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Library of Congress v. Shaw, 478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lion Raisins, Inc. v. United States, 51 Fed. Cl. 238 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York Life Ins. Co. v. United States, 190 F.3d 1372 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . . . 13

Orbas & Assocs. v. United States, 34 Fed. Cl. 68 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Overall Roofing & Constr., Inc. v. United States, 9 Cl. Ct. 452 (1986) . . . . . . . . . . . . . . . . . . 7, 12

Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 645 F.2d 966 (1981) . . . . . . . . . . . . . 11

Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 673 F.2d 352 (1982) . . . . . . . . . . . . . . . 11

Perez v. United States, 156 F.3d 1366 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reflectone Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Reliance Ins. Co. v. United States, 931 F.2d 863 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . 12

Rice v. United States, 31 Fed. Cl. 156 (1994) aff'd, 48 F.3d 1236 (Fed. Cir. 1995)(table) . . . . . . 6

Rocovich v. United States, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Scheurer v. Rhodes, 416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sharman Co. v. United States, 2 F.3d 1564 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Shelleman v. United States, 9 Cl. Ct. 452 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Skelly & Loy v. United States, 231 Ct. Cl. 370, 685 F.2d 414 (1982) . . . . . . . . . . . . . . . . . . . . 11

Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533 (2003) . . . . . . . . . . . . . . . . . 15

Soriano v. United States, 352 U.S. 170 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Southfork Sys., Inc. v. United States, 141 F.3d 1124 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . 13

Tri-Central, Inc. v. United States, 230 Ct. Cl. 842 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Connolly, 716 F.2d 882 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. King, 395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Testan, 424 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Wanlass v. Gen. Elec., Co., 148 F.3d 1334 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

White Plains Iron Works, Inc. v. United States, 229 Ct. Cl. 626 (1981) . . . . . . . . . . . . . . . . . . . 12

W.M. Schlosser Co. v. United States, 705 F.2d 1336 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . 9

MISCELLANEOUS CASES

Al-Zhickrulla Est., ASBCA No. 52137, 2003 WL 22430176 (Oct. 17, 2003) . . . . . . . . . . . . . . 15

Brinkerhoff Realty & Constr., B-244544, Sept. 27, 1991, 91-2 CPD ¶ 303 . . . . . . . . . . . . . . . . 17

Handheld Sys., Inc., B-229757, Aug. 10, 2001, 2001 CPD ¶ 142 . . . . . . . . . . . . . . . . . . . . . . . 17

J&J Maintenance Inc., B-223355.2, Aug. 24, 1987, 87-2 CPD ¶ 197 . . . . . . . . . . . . . . . . . . . . . 17

Paging Network of Washington, Inc., B-274052, Aug. 13, 1996, 96-2 CPD ¶ 63 . . . . . . . . . . . 17

Robbins-Fioia, Inc., B-229757, Dec. 28, 1987, 87-2 CPD ¶ 632 . . . . . . . . . . . . . . . . . . . . . . . 17

State Machine Prod., B-245427.2, Sept. 24, 1991, 91-2 CPD ¶ 272 . . . . . . . . . . . . . . . . . . . . . 16

FEDERAL REGULATIONS AND STATUTES

RCFC Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

RCFC Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

48 C.F.R. § 33.201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

48 C.F.R. § 33.206 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

48 C.F.R. § 33.207 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

48 C.F.R. § 52.233-1(d)(1) (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1491 . . . . . . . . . . 8

28 U.S.C. § 1491(a)(1) . . . . . . . . . . 2, 3, 9

28 U.S.C. § 1491(b) . . . . . . . . . . 2, 18, 19

41 U.S.C. §§ 601 et seq., . . . . . . . . . . 1, 9, 10

MISCELLANEOUS

1978 U.S.C.C.A.N. 5235, 5239 . . . . . . . . . . 10, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SWARTZ ASSOCIATES, INC., | ) | |
| Plaintiff, | ) | No. 01-316C |
| v. | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (“RCFC”), defendant, the United States, respectfully requests this Court dismiss all of the breach of contract claims of plaintiff, Swartz Associates, Inc. ("Swartz), because Swartz has not complied with the jurisdictional prerequisites set forth in the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq., and thus this Court does not possess jurisdiction to entertain such claims. Moreover, we request, pursuant to RCFC Rule 12(b)(6), that this Court dismiss Swartz's bid protest claim with respect to its bid, in June 1998, for a purported five-year contract because the claim is barred pursuant to the doctrine of laches. We also request, in any event, that the Court dismiss each of Swartz's bid protest claims to the extent that Swartz seeks lost profit and other monetary relief (other than its bid preparation and proposal costs), because these claims are not ones for which relief can be granted. In support of this motion, we rely upon the following brief and Swartz's amended complaint ("the complaint").

## DEFENDANT'S BRIEF

## STATEMENT OF THE ISSUES

1. Whether the breach of contract counts of the complaint should be dismissed for lack of subject matter jurisdiction because plaintiff failed to satisfy the jurisdictional requirements of the CDA because it did not submit a written claim requesting a contracting officer's final decision prior to filing its complaint in this Court.

2. Whether plaintiff's bid protest claim arising from its bid, in June 1998, to obtain a five year contract to provide auction and vehicle maintenance services is barred by the doctrine of laches, where plaintiff waited over two years from the time it received notice that it would not be awarded such a contract to file its bid protest claim in this Court.

3. Whether plaintiff's prayer for relief seeking monetary relief in its bid protest claims, other than bid preparation and proposal costs, is permissible pursuant to 28 U.S.C. § 1491(b) or § 1491(a)(1).

## STATEMENT OF THE CASE[1]

### I. Nature Of The Case

This case involves the provision of auction and vehicle maintenance services by Swartz for the United States Marshals Service ("USMS"). Swartz asserts that the USMS breached its auctioning and vehicle maintenance contracts with Swartz and improperly failed to award Swartz certain contracts upon which it had bid.

[1] For purposes of this motion only, we rely upon certain facts alleged in plaintiff's complaint. We reserve the right to contest or qualify these allegations should our motion be denied.

## II. Statement Of Facts

### A. The Breach Of Contract Claims

Swartz's complaint sets forth five breach of contract related claims (four breach of contract claims (counts one, three, five and six), plus a claim for a breach of the duty of good faith and fair dealing corresponding to each contract (count eight)). Swartz states that this Court has jurisdiction to entertain its breach of contract claims pursuant to 28 U.S.C. § 1491(a)(1). Id. at ¶ 2.

First, Swartz alleges that an express or implied five-year contract came into existence in 1998 ("the 1998 five-year contract") with respect to Swartz's provision of exclusive vehicle auction and maintenance services for the USMS in New Jersey (count one). Id. at ¶¶ 10 - 12, 18, 39.[2] Swartz's complaint suggests that this five-year contract arose as a result of oral communications it received from a Deputy United States Marshal, Dominick Russo. Id. at ¶ 12. Swartz alleges that Mr. Russo repeatedly told Swartz that it had obtained the contract following Swartz's submission of a bid for such a contract in March 1999. Id. at ¶¶ 20 - 21. Swartz alleges that its implied or express 1998 five-year contract was breached when the USMS failed to supply Swartz with vehicles to sell at auction (count one) and when the USMS breached the covenant of good faith and fair dealing in that contract.[3] Id. at ¶¶ 40, 60.

---

[2] Swartz's bid protest claim corresponding to the purported 1998 five-year contract is set forth as an alternative theory to its breach of contract claim concerning that contract. Swartz sets forth this alternative bid protest theory in the event that the Court finds that the 1998 five-year contract was not awarded to Swartz. See Compl. at ¶ 42.

[3] All of Swartz's claims concerning a breach of a covenant of good faith are contained in count eight.

Second, Swartz alleges that blanket purchase agreements it obtained for the provision of vehicle maintenance services for the USMS constitute contracts with the USMS (count three). Id. at ¶ 44. Swartz alleges that the USMS breached these blanket purchase agreement contracts by withdrawing vehicles from Swartz's auctions, failing to pay invoices submitted by Swartz, and by breaching the covenant of good faith and fair dealing. Id. at ¶ 44 - 45, 60.

Third, Swartz alleges that it obtained an express or implied contract to render jewelry auction services for five years to the USMS (count five). Id. at ¶ 49. Swartz alleges that its implied or express five-year contract to auction jewelry was breached when the USMS failed to supply it with jewelry to auction, and when the USMS breached the covenant of good faith and fair dealing in that contract. Id. at ¶ 50, 60.

Swartz's complaint lacks any allegation that it submitted a valid written claim to any contracting officer concerning any of the purported breaches of any of the purported contracts before filing its complaint in this Court. Swartz does not allege that it submitted a written claim to the contracting officer concerning: the USMS's failure to supply it with vehicles to sell, the USMS's withdrawal of vehicles, the failure of the USMS to pay invoices, the failure of the USMS to supply it with jewelry to sell, or the USMS's failure to abide by the purported contracts' covenants of good faith and fair dealing. See Compl. at ¶¶ 40, 45, 50 and 60.

As detailed below, we request dismissal of Swartz's breach of contract claims, which Swartz asserts total no less than $445,000 (Compl. at ¶ 54), because this Court lacks jurisdiction to entertain these claims due to Swartz's failure to present them first to the contracting officer in the form of certified claims.

**B. The Bid Protest Claims**

Swartz's complaint sets forth three counts that correspond to its bid protest claims (two claims protesting the failure to award contracts to Swartz (counts two and four), plus a claim for breach the covenant to review bids fairly (count seven)).

First, Swartz alleges that, in 1998, it was invited by Mr. Russo to bid on the 1998 five-year contract to provide auction and vehicle maintenance services. Compl. at ¶¶ 1, 10. Swartz asserts that it had been repeatedly told by Mr. Russo that it had been awarded the contract. Id. at ¶¶ 1, 12. Swartz alleges, however, that in February 1999, it was notified that the 1998 five-year contract to provide auction and maintenance services "has to be written as a 'base year plus four option years'" contract, and it was invited to submit a bid for a new contract with the revised terms. Id. at ¶¶ 18 - 19. Swartz makes no allegation that it protested the rejection of its bid for the 1998 five-year contract. Swartz states, instead, that it submitted another bid, this time for the base-year plus four option year contract on March 3, 1999, in response to the February 1999 solicitation. Id. at ¶ 20. Swartz claims that, on September 1, 1999, it was notified that it had not been awarded a contract for the revised base-year plus four option year contract for auction and vehicle maintenance services, and that instead, the contract had been awarded to a company run by affiliates of Mr. Russo. Id. at ¶¶ 1, 12, 23.[4] Swartz claims that the denial of the award of the 1998 five-year contract was arbitrary and capricious (count two). Id. at ¶ 42. Swartz identifies bid protest lost profits of $459,690 ($91,938 in lost profits per year, times five years) for the

[4] Swartz acknowledges that the USMS informed it that Mr. Russo's award of the contract to another company had been without authorization. Id. at ¶ 26.

failure to be awarded the 1998 five-year contract. Compl. at ¶ 37(a). Swartz also seeks bid preparation costs and expenses incurred in preparation for performance. Id. at ¶ 37(c).

For Swartz's second bid protest claim, Swartz alleges that it bid on a one-year contract in December 2000, that it was the sole timely bidder, and that "it offered the best prices and experience of any bidders," but that its bid was wrongfully denied (count four). Id. at ¶¶ 1, 35 - 36, 47. Swartz seeks an unspecified amount of lost profits, bid preparation costs and expenses incurred in preparation for performance for the failure to be awarded the one-year contract. Compl. at ¶ 37 (b) and (c).

Finally, for Swartz's third bid protest claim, Swartz alleges that the USMS failed to review Swartz's contract bids fairly (count seven). See Compl. at ¶ 2, 56 - 57 and at p. 15, ¶ (c).

As detailed below, we move to dismiss Swartz's bid protest claim with respect to the 1998 five-year contract because Swartz waited over two years from the time that it knew its bid for that contract had been rejected to file its claim in this Court. Therefore, its bid protest is barred by the doctrine of laches. We also move to dismiss all of its bid protest claims in so far as any of them seek lost profits or expenses incurred in preparation of the contracts because, in no event, does Section 1491(b) permit monetary recovery beyond bid preparation and proposal costs.

## ARGUMENT

### I. Standard Of Review For Motions To Dismiss For Lack Of Subject Matter Jurisdiction

A plaintiff bears the burden to establish jurisdiction when defendant has raised the issue. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Rice v. United States, 31

Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table). In reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must accept as true the complaint's undisputed allegations of fact and construe the facts in the light most favorable to the plaintiff. See Scheurer v. Rhodes, 416 U.S. 232, 236 (1974). The plaintiff must make a prima facie showing of jurisdictional facts in order to survive the dismissal motion. See Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334, 338 (1988). If the undisputed facts reveal any basis upon which the non-moving party may prevail, the Court must deny the motion to dismiss. See Scheurer, 416 U.S. at 236. "If the motion challenges the truth of the jurisdictional facts alleged in the complaint, however, the court may consider relevant evidence in order to resolve the factual dispute." Cincom Sys., Inc. v. United States, 37 Fed. Cl. 663, 668 (1997); accord Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991); Farmers Grain Co. v. United States, 29 Fed. Cl. 684, 686 (1993).

## II. The Jurisdiction Of This Court Is Strictly Limited By Statute

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). More particularly, "the [Court of Federal Claims] is a court of exceedingly limited statutory jurisdiction." Shelleman v. United States, 9 Cl. Ct. 452, 455 (1986); see also Overall Roofing & Constr., Inc. v. United States, 929 F.2d 687, 688 (Fed. Cir. 1991).

The Court of Federal Claims' jurisdiction to entertain a suit and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. See United States v. Testan, 424 U.S. 392, 399 (1976). Waiver of sovereign immunity, and hence consent to be sued, must be expressed unequivocally; it cannot be implied.

See Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); Testan, 424 U.S. at 399. Thus, any grant of jurisdiction to this Court must be strictly construed. As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397. The Tucker Act, however, does not create any substantive right of recovery against the United States for money damages. Id. at 398. Rather, it merely confers jurisdiction upon the Court whenever the substantive right exists. Id.; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc). Thus, a claimant must look beyond this jurisdictional statute and identify some substantive provision of law, regulation, or the Constitution, which can fairly be construed as mandating compensation, to state a claim within the jurisdiction of this Court. United States v. Mitchell, 445 U.S. 535, 538 (1980); Connolly, 716 F.2d at 885.

The CDA provides a substantive right for claiming money damages, but it constitutes only a limited waiver of sovereign immunity. And as with all limited waivers of sovereign immunity, "the limitations and conditions under which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, 161 (1981) (quoting Soriano v. United States, 352 U.S. 170, 276 (1957)); United States v. King, 395 U.S. 1, 3-5 (1969); Brookfield Constr. Co. v. United States, 228 Ct. Cl. 551, 560, 661

F.2d 159, 165 (1981). Accordingly, the requirements of the CDA are jurisdictional prerequisites. W.M. Schlosser Co. v. United States, 705 F.2d 1336, 1338-39 (Fed. Cir. 1983).

## III. This Court Does Not Possess Jurisdiction To Entertain Swartz's Breach Of Contract Claims Because Swartz Did Not Submit Any Claims To The Contracting Officer

Swartz cites to 28 U.S.C. § 1491(a)(1) as the statute granting this Court jurisdiction to entertain Swartz's breach of express or implied contract claims. Compl. at ¶ 2. Because the alleged contracts Swartz claims were breached were Executive Agency contracts for services, Swartz's claim is governed by the CDA. 41 U.S.C. § 602. Because Swartz did not submit a written claim to the contracting officer concerning its claims for relief arising under or relating to the purported contracts, Swartz has failed to satisfy the jurisdictional prerequisites of the CDA. Accordingly, this Court should dismiss Swartz's complaint for lack of subject matter jurisdiction.

The CDA applies to "any express or implied contract . . . entered into by an executive agency for . . . the procurement of services . . . or . . . the disposal of personal property." 41 U.S.C. § 602(a). Here, Swartz claims express or implied contracts with respect to services it provided or sought to provide with respect to its auctioning of various goods, including personal property seized by the Government. Compl. at ¶¶ 5 - 7. Thus, the alleged contracts at issue here are governed by the CDA.

The CDA provides, in pertinent part:

> All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision.

41 U.S.C. § 605 (Supp. 1994). For the Court to possess jurisdiction pursuant to the CDA, the contractor must have presented a valid claim to the contracting officer. James M. Ellett Constr.

Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996). Congress required that contractors present all claims to the contracting officer to provide the Government an opportunity to avoid unnecessary litigation. Id. (quoting S. Rep. No. 1118, 95th Cong., 2d Sess. 1(1978), 1978 U.S. Code Cong. & Admin. News 5235).

Moreover, the CDA requires that:

> For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects that contract adjustment for which the contractor believes the Government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1) (emphasis added). Part 33 of the Federal Acquisition Regulations ("FAR") implements these CDA requirements. See, e.g., FAR §§ 33.206 and 33.207. In its complaint, Swartz is seeking "in excess of $445,000" for breach of its purported contracts with the Government. Compl. at ¶ 54. Nowhere, however, does Swartz allege that it has certified its claim and presented it to the contracting officer.

Pursuant to the FAR, a "claim" for purposes of the CDA, is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract term, or other relief arising under or relating to the contract." 48 C.F.R. § 33.201. This definition requires that a claim be "(1) a written demand, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." Reflectone Inc. v. Dalton, 60 F.3d 1572, 1575 (Fed. Cir. 1995).[5] The claim also must request a

---

[5] FAR 52.233-1, entitled "Disputes (Oct. 1995)" requires, among other things, that "[a] claim by the contractor . . . be made in writing and . . . submitted . . . to the contracting officer for a written decision." 48 C.F.R. § 52.233-1(d)(1) (1996).

final decision. Executive Court Reporters, Inc. v. United States, 29 Fed. Cl. 769, 774 (1993). A routine request for payment (such as an invoice) is not a "claim" within the meaning of the CDA. Ellett Constr., 93 F.3d at 1537; Reflectone, 60 F.3d at 1575. Although a claim need not be "submitted in any particular form or use any particular wording, the contractor must provide a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987).

The certification requirement furthers an important objective of Congress by "trigger[ing] a contractor's potential liability for a fraudulent claim under section 604 of the Act," Skelly & Loy v. United States, 231 Ct. Cl. 370, 376, 685 F.2d 414, 418 n.11 (1982), and thus "'discourag[ing] the submission of unwarranted contractor claims.'" Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 14, 673 F.2d 352, 354 (1982) (quoting S. Rep. No. 1118, at 5, reprinted in 1978 U.S.C.C.A.N. 5235, 5239).

Until a claim has been properly submitted to the contracting officer, and the contracting officer has rendered a final decision, or is deemed by inaction to have denied the claim, a claimant has not exhausted the mandatory administrative remedies. Tri-Central, Inc. v. United States, 230 Ct. Cl. 842, 845 (1982). Absent a proper "claim," no "decision" is possible, and, hence, no basis for jurisdiction in the court exists, because a contracting officer's decision (or a "deemed denial") upon a properly submitted claim is the "linchpin" for all subsequent proceedings. Paragon Energy Corp. v. United States, 227 Ct. Cl. 176, 645 F.2d 966, 971 (1981). Without a final decision from the contracting officer determining liability or setting forth a "deemed denial" of a contractor's claim, the Court of Federal Claims does not have jurisdiction to

entertain the suit. 41 U.S.C. § 605; D.C. Braughler Co. v. West, 127 F.3d 1476, 1480 (Fed. Cir. 1997); Reflectone, 60 F.3d at 1575; Sharman Co. v. United States, 2 F.3d 1564 (Fed. Cir. 1993); Overall Roofing, 929 F.2d 687; White Plains Iron Works, Inc. v. United States, 229 Ct. Cl. 626 (1981).

In short, it is well-settled that this Court does not possess jurisdiction to entertain claims that were not previously presented by the contractor to the contracting officer in accordance with the requirements of the CDA. Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991); ECC Int'l Corp. v. United States, 43 Fed. Cl. 359, 365-67 (1999) (dismissing claim where contractor did not provide contracting officer adequate notice of claim); Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 145-46 (1997) (dismissing claim for absence of a final decision by the contracting officer); Orbas & Assocs. v. United States, 34 Fed. Cl. 68, 70-71 (1995); Kunz Constr. Co. v. United States, 12 Cl. Ct. 74, 79 (1987); LDG Timber Enter., Inc. v. United States, 8 Cl. Ct. 445, 452 (1985).

In this case, Swartz did not submit to the contracting officer a written demand seeking relief pursuant to the purported contracts as a matter of right. Swartz was required to make a formal demand that the Government comply with the terms of the purported contracts (e.g., by supplying it with vehicles to sell, by ceasing the withdrawal of vehicles from services, by making payments on past-due invoices and by providing it with jewelry to sell).[6] Swartz's complaint sets forth no allegation that it made such a formal written demand. Most importantly, of course, Swartz did not make a formal certified demand for the $445,000 it now seeks to obtain in this Court. Accordingly, the requirement that the contractor have submitted a written claim and that

---

[6] See Compl. at ¶¶ 40, 45, 50 and 53.

the contracting officer issue a final decision has not been satisfied by Swartz. Swartz has failed to comply with the requirements of the CDA, and thus, this Court lacks jurisdiction to entertain its breach of contract claims. Therefore, this Court should dismiss the breach of contract claims (counts one, three, five, six and eight) set forth in Swartz's complaint.

## IV. Standard Of Review For Motions To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted

Dismissal for failure to state a claim upon which relief may be granted under Rule 12(b)(6) is appropriate when the facts as asserted in the complaint do not entitle the plaintiff to a legal remedy. New York Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999). The court should review the motion for dismissal by accepting all well-pleaded factual allegations as true, and drawing all reasonable inferences in favor of the plaintiff. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). However, if the plaintiff "can prove no set of facts in support of his claim that would entitle him to relief," the case may be properly dismissed. Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1131 (Fed. Cir. 1998); see also Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

## V. This Court Should Dismiss Swartz's Bid Protest Claim Seeking Relief With Respect To Swartz's 1998 Bid To Obtain The 1998 Five-Year Contract Because It Is Barred By The Doctrine Of Laches

Swartz seeks to obtain relief with respect to damages it alleges it incurred in connection with its bid of June 4, 1998, to obtain the 1998 five-year contract to provide auction and vehicle maintenance services. Compl. at ¶¶ 1, 10, 11, 12, 37(a), 38 - 40. Swartz alleges that, after its bid of June 4, 1998, for the contract, it was repeatedly told that it was the sole bidder on the purported five-year contract and that "the final paperwork would be forthcoming." Id. at ¶ 12.

Swartz also alleges, however, that, in February 1999, it was notified that the five-year contract "has to be written as a 'base year plus four option years,'' and it was invited to submit a bid for this contract with the revised terms. Id. at ¶¶ 18 - 19. Swartz states that it submitted another bid, this time on March 3, 1999, in response to February solicitation to provide auction and vehicle maintenance services. Id. at ¶ 20. Swartz makes no claim that it filed any protest with respect to its failure to be awarded the five-year contract after its receipt of the February solicitation. Swartz claims that, on September 1, 1999, it was notified that it had not been awarded any five-year contract for auction and vehicle maintenance services (i.e., neither the 1998 five-year contract nor the base year plus four option year contract). Id. at ¶ 23.

Therefore, it is apparent that Swartz was notified that its bid dated June 4, 1998, for a five year contract had been rejected either in February 1999, (when it was invited to bid upon a contract to provide similar services on a base year plus four option year bases), or in September 1999, (when it was again notified that it had not been awarded the revised "base year plus four option year" contract). Id. at ¶¶ 18 - 23.

Swartz did not file its complaint in this Court seeking damages with respect to its failure to be awarded the purported 1998 five-year contract until May 24, 2001. Having waited almost three years since it submitted its bid, and well over two years since it was first notified that it had not been awarded such a contract, Swartz's bid protest claim connected with its 1998 bid must be dismissed pursuant to the doctrine of laches.

Although the timeliness rules for protests that are applied by the U.S. General Accounting Office do not expressly govern actions in this Court, the Court has stated:

> The statute granting this court's jurisdiction to entertain bid protests does not address the time within which a bid protest must be filed. See 28 U.S.C. 1491(b). Nevertheless, this court has adopted, 'in appropriate circumstances,' the GAO bid protest rule.

ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392, 399 (2003) (emphasis supplied); Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533, 535 (2003).

Moreover, the doctrine of laches bars lawsuits brought in a dilatory manner where a defendant shows that "the plaintiff delayed filing suit an unreasonable and inexcusable length of time after the plaintiff knew or reasonably should have known of its claim against the defendant; and the delay resulted in material prejudice or injury to the defendant." Wanlass v. Gen. Elec., Co., 148 F.3d 1334, 1337 (Fed. Cir. 1998); see also LaCoste v. United States, 9 Cl. Ct. 313 (1986) (barring a contractor's claim because of unreasonable and prejudicial delay to the Government); Al-Zhickrulla Est., ASBCA No. 52137, 2003 WL 22430176 (Oct. 17, 2003) (barring an appeal based on the defense of laches). The prejudice may be either economic or evidentiary. Wanlass, 148 F.3d at 1337. In determining prejudice, the Federal Circuit has acknowledged that "economic prejudice may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." Wanlass, 148 F.3d at 1337.

These are clearly "appropriate circumstances" in which to apply the GAO bid protest rule or the equitable doctrine of laches. Swartz's complaint implicitly recognizes that it was advised no later than February 1999, when it was purportedly asked to submit a revised bid for the contract, that it had not been awarded the 1998 five-year contract upon which had bid in June 1998.

Rather than timely and expeditiously challenging the denial of its June 1998 bid, or the restructuring of the purported five-year contract, Swartz chose to wait until May 2001, to allege that its failure to be awarded the 1998 five-year contract was improper. Swartz's delay in making its claim was both unreasonable and inexcusable.

The prejudice to the Government is obvious, especially from an economic perspective. If Swartz's bid protest claim were permitted to proceed, it would encourage would-be protestors to delay filing challenges – for years – leaving open the risk to the Government and its contractors that any contract could – years later – be challenged by a bidder who failed to obtain the contract at issue. Such permissive filing of bid protests would have tremendous negative economic consequences systemically on both the Government and successful contractors.[7]

Swartz offers no excuse in its amended complaint for this unconscionable delay in the assertion of its "grievance" with respect to its failure to obtain the 1998 five-year contract because it has none. Under GAO precedent, Swartz's claims with respect to the 1998 five-year contract would be dismissed out of hand. The GAO has long held that a protester has ten days from the time it knew or should have known of the alleged impropriety to levy an objection. E.g., State Machine Prod., B-245427.2, Sept. 24, 1991, 91-2 CPD ¶ 272; Paging Network of

[7] Calculating economic costs particular to Swartz's bid would be difficult if not impossible. This is because, first, we contest that any five-year contract could have come into existence. There simply was no authority for the issuance of such a contract by the contracting officer. (As noted above, we accept Swartz's assertions in his amended complaint concerning a five-year contract solely for the purposes of setting forth our arguments in this motion to dismiss). Second, unlike a typical bid-protest where a protestor contests the award of the contract to another party that has actually obtained the contract, there was no other party that received the five-year contract Swartz alleges it was awarded in connection with its June 1998 bid. Therefore, costs connected with the removal of an existing contractor or the cessation of work are not factors here.

Washington, Inc., B-274052, Aug. 13, 1996, 96-2 CPD ¶ 63; Handheld Sys., Inc., B-288036, Aug. 10, 2001, 2001 CPD ¶ 142. Moreover, a protester bears an affirmative duty to pursue diligently the information that underlies its protest allegations. Robbins-Gioia, Inc., B-229757, Dec. 28, 1987, 87-2 CPD ¶ 632 (protest dismissed as untimely where protester delayed three months before seeking information through Freedom of Information Act ("FOIA")); J&J Maintenance Inc., B-223355.2, Aug. 24, 1987, 87-2 CPD ¶ 197 (protest dismissed where protester delayed three weeks to request orally information and four weeks to seek it under FOIA); Brinkerhoff Realty & Const., B-244544, Sept. 27, 1991, 91-2 CPD ¶ 303 (protest dismissed where protester failed to pursue diligently information).

Swartz did none of the things required of a protestor who seeks to interfere with the procurement process. Having failed to act when action would have been timely, Swartz should not be heard to complain, well more than two years after the fact, that its failure to be awarded the 1998 five-year contract was wrong. Therefore, because the equitable doctrine of laches is properly asserted against Swartz's bid protest claim concerning its failure to be awarded the 1998 five-year contract, the Court should dismiss count one.

## VI. This Court Does Not Possess Jurisdiction To Award Lost Profits Or Other Monetary Relief, Other Than Bid Preparation And Proposal Costs, In Connection With A Bid Protest Claim

With respect to both its bid for the five-year contract and with respect to its bid to obtain the one-year contract in December 2000, Swartz seeks to recover – wholly apart from its bid preparation and proposal costs – lost profits. Compl. at ¶ 37(a) - (b). Swartz seeks lost profits of $459,690 corresponding to the USMS's failure to award it the 1998 five-year contract

(count two). Id. It also seeks an unspecified amount of lost profits for the USMS's failure to award it the one-year contract in December 2000 (count four). Id.

Section 1491(b), the statute specifically addressing the damages available to Swartz's bid protest claims, states that monetary relief is limited to bid preparation and proposal costs:

> To afford relief in such an action, the courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs.

28 U.S.C. § 1491(b)(2) (emphasis added).

Therefore, pursuant to § 1491(b)(2), Swartz is not entitled to any lost profits in connection with its bid protest claims, and instead is entitled only to its bid preparation and proposal costs. See Concept Automation, Inc. v. United States, 41 Fed. Cl. 361, 371 n.12 (1998) ("pursuant to the 1996 amendments to the Tucker Act, bid protest damages are specifically not available in post-award bid protest actions brought in the Court of Federal Claims"); see also Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211, 219 (quoting § 1491(b)(2)), aff'd, 264 F.3d 1071 (Fed. Cir. 2001). Thus, any claim by Swartz for lost profits or any other type of monetary relief connected with its bid protests, other than bid preparation and proposal costs, should be dismissed by this Court.

Swartz's complaint also asserts a cause of action related to its bid protest based upon a breach of an implied contract to treat bids honestly and fairly (count seven). See Compl. at ¶¶ 56 - 58. Swartz seeks to obtain damages relating to its bid preparation and protest costs. It also seeks, however, "costs associated with preparing for performance of the contracts that were the subject of the bids." Compl. at ¶ 58. Swartz's claim for its costs associated with preparing for

performance of the contracts must be dismissed because the only monetary relief available to Swartz is an award of bid preparation and proposal costs. 28 U.S.C. § 1491(b)(2); Lion Raisins, Inc. v. United States, 51 Fed. Cl. 238, 251 (2001).

Because Swartz's bid protest claims seek monetary damages beyond bid preparation and proposal costs, this Court should dismiss all claims set forth in counts two, four and seven seeking such relief because claims for such relief set forth claims upon which relief cannot be granted.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion and (a) dismiss Swartz's breach of contract claims, (b) dismiss Swartz's bid protest claim in its entirety with respect to the purported five-year 1998 contract, and (c) dismiss Swartz's claims seeking lost profits and other monetary damages, other than its bid preparation and proposal costs, connected with each of its bid protest claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ James M. Kinsella by /s/ William Ryan
JAMES M. KINSELLA
Deputy Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7972
Facsimile: (202) 514-8640

Attorneys for Defendant

Of Counsel:
JONI GIBSON
Associate General Counsel
United States Marshals Service
600 Army-Navy Drive
Suite 1250
Arlington, VA 22202
Tel: (202) 307-9054

Dated: December 29, 2003

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December 2003, I caused to be placed in the United States mail (first class, postage prepaid) and to be served by facsimile, a copy of "Defendant's Motion To Dismiss" addressed as follows:

Greg Sodini, Esq.
Sodini & Spina
510 Thornall Street,
Suite 180
Edison, New Jersey 08837
Facsimile (732) 603-0441

I also hereby certify that on this 29th day of December 2003, a copy of the foregoing "Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

_______/s/ John Roberson__________

JOHN ROBERSON