**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **SWARTZ ASSOCIATES, INC.,** | |
| **Plaintiff,** | **No. 01-316C** |
| **v.** | **(Judge Allegra)** |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant, the United States, respectfully submits this reply in further support of our motion to dismiss all of the breach of contract claims of plaintiff, Swartz Associates, Inc. ("Swartz); its bid protest claim with respect to its bid, in June 1998, for a purported five-year contract ("the 1998 five-year contract"); and all claims for lost profits and other monetary relief (other than bid preparation and proposal costs) connected with Swartz's bid protest claims.

We moved to dismiss Swartz's breach of contract claims (counts one, three, five, six and eight), because Swartz never submitted a written claim requesting a contracting officer's final decision prior to filing its complaint in this Court, and thus, it has not complied with the jurisdictional prerequisites set forth in the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq., Def. Mot. at 3-4, 11-13. We moved to dismiss Swartz's bid protest claim with respect to the 1998 five-year contract (count two, and, as applicable, count seven), because they are barred by the doctrine of laches, as Swartz waited over two years from the time it received notice that it would not be awarded such a contract before filing its complaint. Id. at 5-6, 13-17. Finally, we requested, in any event, that with respect to all of its bid protest claims, (i.e., counts two, four, and seven), that the Court dismiss these claims to the extent that Swartz seeks lost

profits or expenses incurred in preparing for performance of the contracts because its recovery is limited to bid preparation and proposal costs. Def. Mot. at 6, 17-19.

Swartz's response underscores that our motion should be granted in its entirety. First, Swartz admits that it had not presented a written claim to a contracting officer prior to filing suit in this Court. Compounding this error, Swartz now incorrectly requests that this Court stay proceedings in this case pending a decision by the contracting officer as to its contract claims. This Court, however, has no jurisdiction over such claims. Consequently, this Court must dismiss Swartz's breach of contract claims, and it lacks discretion to stay further proceedings with respect to these claims.

Second, with respect to the timeliness of its bid protest connected with the purported 1998 five-year contract, Swartz sets forth no facts contradicting the facts set forth in our motion to dismiss (nor could it, as they are taken directly from Swartz's amended complaint). The allegations of its amended complaint demonstrate that Swartz waited well over two years after it was first notified that it had not been awarded the contract before filing its bid protest claim in this Court. Such a delay is unreasonable, inexcusable, and prejudicial to the Government. Thus, pursuant to the doctrine of laches, this Court should dismiss Swartz's bid protest claims connected with the 1998 five-year contract (count two, and as applicable, count seven).[1]

Third, Swartz does not contest our assertion that its claim for damages connected with its bid protest claims are limited to bid preparation and proposal costs. Thus, the Court should grant our motion to dismiss all other purported damages sought by Swartz in connection with its bid

[1] Count seven corresponds to counts two and four. It is a claim for damages purportedly resulting from the Government's purported breach of an implied contract to treat honestly and fairly Swartz's bids for the purported contracts referenced in counts two and four.

protest claims (counts two, four, and seven), including all purported lost profits and all expenses incurred in preparation for performance of the contract.

## ARGUMENT

### I. Swartz's Breach Of Contract Claims Must Be Dismissed, And Not Stayed, Because This Court Does Not Have Jurisdiction To Entertain Such Claims

Swartz does not dispute that, prior to filing suit in this Court in May 2001, it did not submit a written claim to the contracting officer concerning its claims for relief arising under or relating to its purported contract. Pl. Op. at 6-8. Indeed, Swartz acknowledges this fact by annexing an affidavit of its counsel, stating that certified claims with respect to the breach of contract claims were "forwarded" to the contracting officer on January 29, 2004. Certification of Gregg S. Sodini, dated January 29, 2004. Swartz argues that the Court should "stay this action until a decision as to the claims of Swartz is made or the passage of sixty days, whichever comes first." Pl. Op. at 7; see also id. at 8. Alternatively, Swartz asks that if dismissal of its breach of contract claims is required, such dismissal should be without prejudice and should expressly allow Swartz to re-file after the disposition of its claims pursuant to the CDA. Id. at 9.

The relief requested by Swartz, other than its request that the Court not dismiss its breach of contract claims with prejudice, must be denied by this Court. Pursuant to long-standing and well-settled law, a court must dismiss a claim when a plaintiff cannot establish a jurisdictional basis for the court to entertain such a claim. See, e.g., Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988) (court lacking jurisdiction should dismiss case because it cannot review merits); Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514-15 (1869) (same); Haber v. United States, 17 Cl. Ct. 496, 4999 (1989), aff'd, 904 F.2d 445 (Fed. Cir. 1990) (table).

In our motion to dismiss, we demonstrated, as Swartz now acknowledges, that it never submitted a written demand or certification to the contract officer seeking relief pursuant to a breach of any of its purported contracts. Thus, because Swartz never presented its breach of contract claims to the contracting officer, and there has been no decision by the contracting officer, either actual or deemed, with respect to any of these claims, such claims in this Court are premature. Sipco Serv. & Marine, Inc. v. United States, 30 Fed. Cl. 478, 484-85 (1994); Claude E. Atkins Enters., Inc. v. United States, 15 Cl. Ct. 644, 646 (1988); White Plains Iron Works, Inc. v. United States, 229 Ct. Cl. 626, 629-30 (1981).

Because its breach of contract claims are premature, the Court is required to dismiss these claims, and it may not stay this action pending a decision by the contracting officer in response to Swartz's recently submitted claims. Indeed, the contracting officer has no authority to respond to Swart's claims because, "once a lawsuit under the CDA is filed, a [contracting officer] loses all authority to issue a final decision." Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208, 210 (1999).

> Once plaintiff's claim . . . became the subject of litigation in this court, upon the filing of the original complaint, the authority to resolve that claim was withdrawn from the contracting officer and resided within the exclusive authority of the Attorney General pursuant to 28 U.S.C. §§ 516-20 (1988). Under these circumstances, plaintiff's claim . . . cannot be deemed denied, and the court must dismiss . . . on jurisdictional grounds for lack of a contracting officer's final decision.

Sipco, 30 Fed. Cl. at 485 (citations omitted); see also 28 U.S.C. § 516; Sharman Co. v. United States , 2 F.3d 1564, 1571 (Fed. Cir. 1993); Hughes Aircraft Co. v. United States, 209 Ct. Cl. 446, 465, 534 F.2d 889, 901 (1976); Durable Metal Prods. v. United States, 21 Cl. Ct. 41 (1990).

Indeed, in Witherington, this Court addressed the precise circumstances presented here, where, after filing its complaint, plaintiff attempted to "cure" its jurisdictional defect of failing to have previously presented a certified claim to the contracting officer. Id. at 210. The Court held that "a contracting officer may not render a "final decision" on a claim following the initiation of litigation on the claim." Witherington, 45 Fed. Cl. at 211, citing Sharman, 2 F.3d 1564; see also Durable Metal, 21 Cl. Ct. at 45-46. As a result, the contracting officer currently in receipt of Swartz's claims is precluded indefinitely (while its claims are pending in this Court) from issuing any final decision because that officer does not possess the ability to settle or moot pending litigation. Sharman, 2 F.3d at 1571; Durable Metals, 21 Cl. Ct. at 45 - 46; Volmar Constr., Inc. v. United States, 32 Fed. Cl. 746, 755 (1995).

Thus, "plaintiff's retroactive filing of a properly certified claim after judicial proceedings have been instituted is ineffective under the [CDA] and will not cure an original failure to properly certify the claim." Aeronatics Div., AAR Brooks & Perkins Corp. v. United States, 12 Cl. Ct. 132, 138 (1987); see also Vanalco, Inc. v. United States, 48 Fed. Cl. 68, 76 (2000); Witherington, 45 Fed. Cl. at 211; Prefab Prod., Inc. v. United States, 9 Cl. Ct. 786, 789 (1986).[2]

In short, this Court has no jurisdiction to entertain Swart's breach of contract claims, and they must be dismissed. Sharman, 2 F.3d at 1569; Hamza v. United States, 31 Fed. Cl. 315, 323

[2] Swartz incorrectly cites to Briggs Eng'g and Testing Co. v. United States, 1982 WL 3667 (Ct. Cl. 1982) for the proposition that this Court can properly retain jurisdiction and stay its resolution of Swartz's breach of contract claims. Briggs involved a case where the Court "deemed denied" the plaintiff's claim by the contracting officer; there is no such allegation in this case. Moreover, the suspension of proceedings in Briggs was not to obtain a final decision (because the court deemed such a denial to have occurred in the circumstances of that case), but merely to permit the "plaintiff to file an amended pleading indicating that a decision from the contracting officer of the contracting officer *had* issued." Id. (emphasis added).

(1994). Consequently, this Court lacks jurisdiction to stay these claims pending Swartz's attempt to cure its procedural defect, which in any event, cannot occur because, while these claims are pending in this Court, the contracting officer has no authority to respond to Swartz's claim. 28 U.S.C. § 516; Sharman, 2 F.3d at 1571; Hughes Aircraft, 209 Ct. Cl. at 465, 534 F.2d at 901; Volmar Constr., Inc. v. United States, 32 Fed. Cl. 746, 755 (1995); Sipco, 30 Fed. Cl. at 485; Durable Metals, 21 Cl. Ct. at 45 - 46.

Finally, because this Court lacks jurisdiction to entertain Swartz's breach of contract claims, even though it may dismiss these claims without prejudice, it should not hold that Swartz may file a claim upon the disposition of its claims pursuant to the CDA. Whether Swartz may later file such a claim is not at the discretion of the Court, but rather is dependent upon other factors, including, for example, whether Swartz's breach of contract claims are barred by the statute of limitations. See, e.g., Gregory Lumber Co. v United States, 229 Ct. Cl. 762, 763 (1982) ("Congress has set the twelve-months limit, and this court cannot and should not read into it exceptions and tolling provisions Congress did not contemplate or authorize"); accord Borough of Alpine v. United States, 923 F.2d 170, 172 (Fed. Cir. 1991); Hamza v. United States, 36 Fed. Cl. 10, 14 (1996).

## II. Swartz's Bid Protest Claim Connected With Its Bid In June 1998, To Obtain A Purported Five-Year Contract Should Be Dismissed Pursuant To The Doctrine of Laches

In our motion to dismiss, we stated that "it is apparent that Swartz was notified that its bid dated June 4, 1998, for a five year contract had been rejected either in February 1999, (when it was invited to bid upon a contract to provide similar services on a base year plus four option years bases), or in September 1999, (when it was again notified that it had not been awarded the

revised 'base year plus four option year' contract)." Def. Mot. at 14 citing Am. Compl. at ¶¶ 18-23. Swartz does not dispute directly this conclusion, but argues that we ignored other facts. Pl. Op. at 9. The other facts that Swartz claims we ignored, however, do not affect the allegations set forth in the amended complaint that directly indicate that Swartz knew that *it* had not been awarded the contract in September 1999. These additional facts concern matters *"subsequent"* to the September 1999 notice informing it that it had not been awarded the purported 1998 five-year contract. Am. Compl. at ¶ 23: Pl. Op. at 9. First, Swartz argues that it had been informed that no other contractor had submitted a timely bid on the contract. Id. at ¶ 26; Pl. Op. at 9. Second, it argues that Mr. Russo sent a letter awarding the contract to a third party without authorization. Am. Compl. at ¶ 26; Pl. Op. at 9-10.[3]

These additional facts are beside the point. Whether there was no other timely bid and whether Mr. Russo sent unauthorized letters to third parties, have no bearing on when Swartz knew that it had not been awarded the contract. The facts remain, as set forth in Swartz's

[3] Swartz also incorrectly implies that *after* September 1999, "Mr. Russo repeatedly advised Swartz that the contract documentation would be forthcoming." Pl. Op. at 10. Swartz, however, has confused the chronology actually set forth in its amended complaint, and it has incorrectly cited the referenced paragraph in its amended complaint within which the referenced communications from Mr. Russo are set forth. Contrary to the citation at page ten of Swartz's opposition brief, the information is not set forth in paragraph 33 of its amended complaint, but rather in paragraph 21. Paragraph 21 of the amended complaint indicates that the period in which Mr. Russo repeatedly advised Swartz that the contract documentation would be forthcoming, was the period between March 1999 and August 1999; i.e. the period *before – and not after* – September 1999. See Am. Compl. at ¶ 21. In its Statement of Facts, Swartz acknowledges that these communications from Mr. Russo occurred in the period between March 1999 and August 1999. Pl. Op. at 3. (Even here, however, Swartz incorrectly attributes this fact to paragraph 25 of its amended complaint; again, the correct citation is to paragraph 21). Thus, contrary to Swartz's suggestion, these communications between Mr. Russo and Swartz that occurred between March and August 1999 are entirely consistent with our assertion that Swartz was aware, no later than September 1999, that its bid for a five-year contract had been rejected.

amended complaint, that it knew as early as February 1999, and certainly no later than September 1999, that it had not been awarded a five year contract. It delayed filing its bid protest claim in this Court, however, until May 24, 2001, a period of time that is, on its face, "an unreasonable and inexcusable length of time after the plaintiff knew or reasonably should have known of its claim against the defendant." Wanlass v. Gen. Elec., Co., 148 F.3d 1334, 1337 (Fed. Cir. 1998).[4]

Moreover, while we have not stated that we have been prejudiced by the destruction of documents or the unavailability of witnesses, we have stated that the Government would be prejudiced economically. See A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1033 (Fed. Cir. 1992) (prejudice connected with laches defense "may be economic or evidentiary); Software Testing Solutions, Inc. v. United States, 58 Fed. Cl. 533, 536 (2003). Here, our assertion of prejudice is not with respect to an existent contract (because no such five-year contract came into existence with respect to any party).[5] Beyond the systemic economic prejudice the Government would face by permitting such a late-filed bid protest (see Def. Mot. at 16 and n. 7), the Government would face economic prejudice in the form of the bid preparation and proposal costs Swartz *now* seeks for the non-existent contract (the 1998 five-year contract). Moreover, to the extent that separate one-year contracts were solicited, reviewed, and awarded to third parties for the provision of auction services, the Government would be prejudiced

---

[4] If this Court deems Swartz's knowledge of the rejection of its bid as having taken place in February 1999, when it was asked to bid upon a different contract concerning the same services, (Am. Compl. at ¶ 18-19), then Swartz delayed protesting such a rejection by a period of 28 months; if the Court deems Swartz's knowledge to have occurred in September 1999, when it was notified that it was not awarded any five-year contract, then Swartz's delay was 20 months.

[5] Indeed, it is our contention that Swartz first became aware that it had not been awarded the 1998 five-year contract when it was asked, in February 1999, to bid upon a one-year contract with four separate one-year option periods. Def. Mot. at 5, 14; Am. Compl. at ¶¶ 18 - 19.

economically by having spent time and effort soliciting, reviewing, and awarding such contracts while Swartz sat on his hands, failing to protest the earlier non-award of the 1998 five-year contract to him.

Therefore, because Swartz's delay was unreasonable and inexcusable, and because the Government would be prejudiced if Swartz were to be permitted to assert a bid protest claim concerning its failure to be awarded the purported 1998 five-year contract, its bid protest claims concerning this purported contract (count two, and as applicable, count seven), must be dismissed.[6]

## III. Swartz's Claims For Damages, Other Than Its Bid Preparation And Proposal Costs, Must Be Dismissed Because This Court Does Not Have Jurisdiction To Entertain Such Claims

In its opposition brief, Swartz agrees that its monetary relief sought in counts two, four, and seven is limited to bid preparation and proposal costs under 28 U.S.C. § 1491(b)(2). Pl. Op. at 7. Thus, Swartz offers no opposition to our motion to dismiss its lost profits of $459,690 corresponding to the USMS's failure to award it the 1998 five-year contract (count two), nor does it offer any opposition to our motion to dismiss an unspecified amount of lost profits corresponding to the USMS's failure to award it the one-year contract in December 2000 (count four), nor any lost profits connected with a purported breach of an implied contract connected with the two bid protest claims (count seven). See Def. Mot. at 17-19. Because Swartz offers no

---

[6] Our motion to dismiss Swartz's bid protest claim concerning the purported 1998 five-year contract pursuant to the doctrine of laches is set forth with regard to *count two* of Swartz's amended complaint. See Def. Mot. at 5 ("Swartz claims that the denial of the award of the 1998 five-year contract was arbitrary and capricious (count two)."). Our reference later in our brief to the dismissal of this bid protest claim incorrectly referred to this claim as set forth in count one. See id. at 17; Pl. Op. at 6, n. 1. We apologize for this inadvertent error in our brief.

opposition to our motion to dismiss any monetary award beyond bid preparation and proposal costs, and because such a result is required pursuant to 28 U.S.C. § 1491(b)(2), this Court must dismiss all monetary relief other than its bid preparation and proposal costs connected with its bid protest claims (counts, two, four, and seven). See Concept Automation, Inc. v. United States, 41 Fed. Cl. 361, 371 n. 12 (1998); Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211, 219, aff'd 264 F.3d 1071 (Fed. Cir. 2001).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our motion to dismiss, we respectfully request that the Court grant our motion and (a) dismiss Swartz's breach of contract claims, (b) dismiss Swartz's bid protest claims in their entirety with respect to the purported five-year 1998 contract, and (c) dismiss Swartz's claims seeking lost profits and other monetary damages, other than its bid preparation and proposal costs, connected with each of its bid protest claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

/s/ John H. Roberson
JOHN H. ROBERSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7972
Facsimile: (202) 514-8640

Attorneys for Defendant

Of Counsel:
JONI GIBSON
Associate General Counsel
United States Marshals Service
600 Army-Navy Drive
Suite 1250
Arlington, VA 22202
Tel: (202) 307-9054

Dated: February 10, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February 2004, I caused to be placed in the United States mail (first class, postage prepaid) and to be served by facsimile, a copy of "Defendant's Reply In Further Support Of Its Motion To Dismiss" addressed as follows:

Greg Sodini, Esq.
Sodini & Spina
510 Thornall Street,
Suite 180
Edison, New Jersey 08837
Facsimile (732) 603-0441

I also hereby certify that on this 10th day of February 2004, a copy of the foregoing "Defendant's Reply In Further Support Of Its Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

/s/ John Roberson

JOHN ROBERSON